UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| PRIMROSE RETIREMENT COMMUNITIES, L.L.C. and JEFFERSON CITY RETIREMENT, L.L.C., <br><br> Plaintiffs, <br><br> vs. <br><br> OMNI CONSTRUCTION COMPANY, INC., <br><br> Defendant. | 1:18-CV-01021-RAL <br><br><br> OPINION AND ORDER CONFIRMING ARBITRATION AWARD |

This is a diversity case in which Plaintiffs Primrose Retirement Communities, LLC and Jefferson City Retirement, LLC (collectively "Primrose") commenced this action on September 7, 2018, by a complaint styled Motion to Confirm Arbitration Award and Enter Judgment Thereon. Doc. 1. Attached to the motion were copies of the parties' contract containing their arbitration agreement, Doc. 1-1, and the Final Award of Arbitrators dated August 30, 2018, Doc. 1-2. Primrose filed an Affidavit of Ronald J. Hall verifying the matters in the motion and exhibits, Doc. 4, and a brief in support of the motion, Doc. 5. The Affidavit of Service reflects that the motion, exhibits, affidavit and brief were duly served on Defendant Omni Construction Company, Inc. (Omni) on September 12, 2018 by service upon CT Corporation as Omni's statutory agent for service of process in Ohio. Doc. 8. Pursuant to D.S.D. Civ. LR 7.1.B, Omni was required to serve and file a responsive brief on or before 21 calendar days after service of the motion and brief. More than 21 calendar days have passed since service, but Omni has failed to appear in this action

1

or file and serve any responsive brief or other resistance to Primrose's Motion. For the reasons explained below, this Court confirms the arbitration award in favor of Primrose.

I. **Summary of Material Facts**

The parties entered into a written Form of Agreement between Primrose and Contractor for a Stipulated Sum and General Conditions of Contract for Construction dated December 3, 2013 (the Contract) for the construction of a 76-unit independent and assisted living facility and a four-building, eight-unit independent living villas in Jefferson City, Missouri. Doc. 1-1. The Contract contains a valid and enforceable agreement for arbitration of claims arising out of or relating to the Contract. Section 4.6.2 of the General Conditions to the Contract provides as follows:

> Claims not resolved by mediation shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect. The agreed hearing locale of any arbitration proceedings shall be at Aberdeen, South Dakota unless the parties mutually agree otherwise.

Doc. 1-1 at 26. Section 4.6.6 of the General Conditions to the parties' Contract makes any arbitration award final, allows judgment to be entered thereon, and selects South Dakota state or federal court for any action to confirm or challenge any arbitration award. Doc. 1-1 at 27.

Omni commenced arbitration by filing a Demand for Arbitration with the American Arbitration Association ("AAA") and serving the Demand on Primrose. Primrose filed an Answering Statement and Counterclaim against Omni. The AAA commenced administration of the arbitration under the Construction Industry Arbitration Rules as AAA Case No. 01-14-0002-1753. In accordance with the parties' arbitration agreement and the Construction Industry Arbitration Rules, the AAA appointed three people—William M. Beadie, a construction, contracts, and construction surety lawyer at Moore, Costello & Hart, P.L.L.P; James Duffy O'Connor, an attorney and the chair of the Construction Law Group of Maslon Edelman Borman & Brand, LLP; and John G. Patterson, an attorney in the construction law practice of Fredrikson & Byron, P.A.—

to serve as Arbitrators. They accepted appointment and executed their oaths as arbitrators according to the AAA Rules.

An arbitration hearing of the parties' disputes was conducted by the Arbitrators on August 2, 2018. On August 30, 2018 the Arbitrators rendered a detailed seven-page Final Award of Arbitrators in favor of Primrose and against Omni. Doc. 1-2.

## II. Discussion

Under the Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq., the district court "'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed'" in the FAA. Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008) (quoting 9 U.S.C. § 9). An arbitration award can be vacated only if (1) the award "was procured by corruption, fraud, or undue means"; (2) the arbitrator was impartial or corrupt; (3) the arbitrator was "guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown," or refuses to hear certain evidence, or otherwise prejudices the rights of a party; or (4) the arbitrator exceeded his own power. 9 U.S.C. § 10. These four grounds constitute the exclusive justifications for vacating an award. Medicine Shoppe Int'l., Inc. v. Turner Invs., Inc., 614 F.3d 485, 489 (8th Cir. 2010).

A district court "affords the arbitrator's decisions an extraordinary level of deference and confirms so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." Wells Fargo Bank, N.A. v. WMN e-PIN, LLC, 653 F.3d 702, 710 (8th Cir. 2011) (quoting Crawford Group, Inc. v. Holekamp, 543 F.3d 971, 976 (8th Cir. 2008)). "Courts have no authority to reconsider the merits of an arbitration award, even when the award rests on factual errors or on a misinterpretation of the underlying contract." Medicine Shoppe, 614 F.3d at 488. Because this Court lacks authority to review the merits of the arbitration

award, review is limited to whether any grounds to vacate or modify exist under 9 U.S.C. § 10 or § 11.

In this case, Omni has failed to appear in this action, respond to or oppose Primrose's motion, or move to vacate, modify or correct the award as prescribed in 9 U.S.C. § 10 or § 11. Therefore, the FAA and case authority directs that this Court affirm the award. 9 U.S.C. §§ 1-11.

### III. Conclusion

For the reasons explained above, it is hereby

ORDERED that Primrose's Motion to Confirm Arbitration Award, Doc. 1-1, is granted.

DATED this 25th day of October, 2018.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE